UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES N. SPIEGEL,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-561-DRL-MGG

JOHN GALIPEAU,

    Defendant.

OPINION AND ORDER

James N. Spiegel, a prisoner without a lawyer, filed a complaint, alleging he is receiving constitutionally inadequate medical care for his seizures. ECF 1. But he names only Warden John Galipeau as a defendant. Because the warden had no personal involvement in Mr. Spiegel's medical care and there is no ongoing violation alleged, this complaint cannot proceed. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Spiegel alleges that in April 2023, nursing staff took him off his medication. As a result, he says he had seizure attacks almost every day. During one seizure, a correctional officer allegedly handcuffed him to a bunk, which led to further injuries. He

reports that different nurses he spoke to gave him different reasons for why his medication was discontinued, and Dr. Liaw told him he was taken off the medication to see how he would do without it. He has since been put back on the medication.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Prison officials may not be deliberately indifferent to a prisoner's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that a defendant "must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted).

Here, there is no indication that Warden Galipeau was personally involved in Mr. Spiegel's medical care. Personal involvement is necessary to sue an individual for money damages under 42 U.S.C. § 1983. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The warden cannot be held liable just because he oversees the prison. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Nor is it likely that Warden Galipeau would be involved in treatment decisions concerning Mr. Spiegel's medication regimen. *See Miranda v. Cnty. Of Lake*, 900 F.3d 335, 343 (7th Cir. 2018) ("When detainees are under the care of medical experts, nonmedical jail staff may generally trust the professionals to provide appropriate medical attention."). Thus, the complaint cannot proceed against Warden Galipeau, and Mr. Spiegel does not name anyone else as a defendant.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Spiegel may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint." In the amended complaint, he needs to list as defendants the people personally involved in the alleged violations and explain in his own words what happened, when it happened, where it happened, which specific defendants were involved, and how he was personally injured.

For these reasons, the court:

(1) GRANTS James N. Spiegel until **October 30, 2023**, to file an amended complaint; and

(2) CAUTIONS James N. Spiegel if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

September 27, 2023                                          *s/ Damon R. Leichty*
                                                            Judge, United States District Court